

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

GROVER SELLERS
~~WILL WILSON~~
ATTORNEY GENERAL

Hon. Geo. H. Sheppard
Comptroller of Public Accounts
State of Texas
Austin, Texas

Dear Sir:

Opinion No. 0-6255
Re: Liability of Avon Products, Inc.,
its representatives in Texas
for the luxury excise tax levied
by Article 7047-1, Vernon's
Annotated Civil Statutes, upon
the sale at retail of new cosme-
tics.

Under date of January 2, 1945, you have requested our
opinion upon the above mentioned matter. In your request for
opinion you st out the following pertinent facts, towit:

"Avon Products Inc. is a foreign corporation and
it sells cosmetics through local sales representatives
who secure orders from Texas customers through personal
contact on a regular and uniform printed form furnished
by Avon Products Inc., which purchase order stipulates
that it is subject to acceptance by Avon Products Inc.,
(in the case of Texas purchasers at its Kansas City,
Missouri, office). The sales representatives send
these orders to the Kansas City, Missouri, branch of
Avon Products Inc., for acceptance or rejection. If
the order is accepted by the Kansas City Branch of
Avon Products Inc., then such items as are ordered are
prepared for shipment in the office at Kansas City
and are forwarded direct to the sales representative
for delivery to the customer C.O.D. The sales repre-
sentative is under contract to either remit the amount
collected from the purchaser or return the merchandise
to the Avon Products Inc., at Kansas City. The
original order, according to our understanding of the
contract, is not subject to cancellation or rejection
by the customer. No sales are ever made in which the
merchandise is delivered in Texas at the time of sale.

"The Avon Products Inc. does not maintain a sales
office in the State of Texas, nor does it maintain any
stock of merchandise in Texas, shipments to Texas being

made from the Kansas City Branch of Avon Products Inc., to the sales representatives for delivery direct to the customer solely upon orders theretofore submitted. Our investigation shows that Avon Products Inc. do maintain an office in Texas, but it is solely for the purpose of training salesmen and it handles no merchandise and makes no sales or deliveries.

"Under the facts stated above, is Avon Products Inc. subject to the cosmetics tax levied under Article X of House Bill 8, Acts of the Regular Session of the Forty-seventh Legislature, or does such plan of operation bring such concern under the rule as laid down by your Opinion Nos. 0-4263 and 0-4275?"

The fact situation as same is now stated by you in the above quoted portion of your letter, reflects a transaction which is plainly a sale of cosmetics in interstate commerce.

Article 7047-1, of V.A.C.S., does not attempt to impose any tax upon the sale of new cosmetics in interstate commerce. Said statute plainly provides that the tax referred to is imposed upon <u>sales made in Texas.</u>

Insomuch as under the facts submitted by you in the above quoted letter the transaction referred to is one made in interstate commerce, and is not a sale made in Texas, you are therefore advised that the transactions referred to come under the rule as laid down by our opinions Numbers 0-4263 and 0-4275, which said opinions are here expressly adhered to and reaffirmed.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/George P. Blackburn
George P. Blackburn
Assistant

GPB:AMM:wc

APPROVED JAN 15, 1945
s/Grover Sellers
ATTORNEY GENERAL OF TEXAS

This opinion considered and approved in limited conference.